MEMORANDUM OPINION






No. 04-07-00298-CR


Jaime TREVINO,

Appellant


v.


The STATE of Texas,

Appellee


From the 379th Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CR-1420-B

Honorable Bert Richardson, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice


Sitting: Catherine Stone, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: December 28, 2007


AFFIRMED

 In a bench trial, the court found defendant, Jaime Trevino, guilty of aggravated robbery with
a deadly weapon, and assessed punishment at twenty years' confinement. On appeal, defendant
complains the evidence is factually insufficient to support the trial court's decision. We affirm.

 


 DISCUSSION

 Defendant contends the evidence is factually insufficient because 1) complainant testified
he did not fear defendant and 2) defendant did not intend to aid a co-defendant in the crime. We
review the factual sufficiency of the evidence under the appropriate standard of review. See Watson
v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

 On the evening of November 30, 2004, complainant Robert Gil was visiting his girlfriend
at her apartment when defendant and another man, Michael Gonzales, knocked on the door. Gil said
he opened the door and stepped outside to speak with the men, whom he said he did not know. 
According to Gil, the men said they wanted to buy drugs from him because they had heard he sold
drugs from his apartment and that he had a safe inside the apartment. Gil stated Gonzales pointed
a pistol at him, while defendant told him to go back inside the apartment because he wanted money. 
Gil said defendant threatened to pistol whip Gil in front of Gil's children and girlfriend if Gil did not
let them into the apartment. Eventually, the two men left without harming Gil after a neighbor
walked by, distracting the two men long enough for him to escape into the safety of his apartment. 

 Defendant testified in his own defense. Defendant testified Gil knew him because he had
purchased marijuana from Gil once or twice in recent months. According to defendant, Gonzales
was a friend who arrived drunk at his house and asked defendant where he could buy some
marijuana. Defendant took Gonzales to Gil's apartment and asked to buy marijuana. Defendant
testified Gonzales became angry when Gil told them he did not have any marijuana. Defendant
testified Gonzales did not point a gun at Gil, but simply showed it to him in his waistband. Also,
defendant testified that when Gonzales became agitated at Gil's refusal to sell them marijuana,
defendant walked away and returned to his apartment, leaving Gonzales and Gil alone.

 Following the encounter, Gil called police. San Antonio Police Department Officer Stanley
Brown testified that he responded to a robbery call at Gil's apartment. Officer Brown testified Gil
was "a bit shook up." Brown said Gil gave him a description of the two men. The following day,
while defendant and Gonzales were being questioned by police in the parking lot of an HEB
regarding a purse-snatching incident, Gil saw the police talking to the men and he identified them
to the officers as the men who had attempted to rob him the previous day. From defendant's car, the
police recovered a gun defendant said belonged to Gonzales.

 It was the fact-finder's responsibility to resolve any conflicts and to determine the weight and
credibility of the evidence. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). The
fact-finder was free to accept or reject all or any portion of any witness's testimony. Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). We conclude the evidence supporting the
court's finding is not so weak that the finding seems clearly wrong and manifestly unjust or that the
supporting evidence is outweighed by the great weight and preponderance of the contrary evidence
so as to render the finding clearly wrong and manifestly unjust. See Watson, 204 S.W.3d at 414-15. 
Therefore, we conclude the evidence is factually sufficient to support the trial court's decision. We
overrule defendant's issue on appeal and affirm the trial court's judgment.


 Sandee Bryan Marion, Justice


DO NOT PUBLISH